IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **DANNY HALL** | * | **CIVIL ACTION NO. 07-2187** |
| **VERSUS** | * | **JUDGE JAMES** |
| **OUACHITA PARISH CORRECTIONAL CENTER** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed motion to dismiss filed by Richard Fewell, Sheriff of Ouachita Parish. (Doc. #4). For reasons stated below, it is recommended that the suit be **DISMISSED without prejudice**. However, it is further recommended that, **prior to dismissal**, the *pro se* plaintiff, Danny Hall, be given at least 30 days in which to prevent dismissal by (i) amending the complaint to add Fewell as a defendant; (ii) properly serving Fewell; and (iii) filing into the record a right to sue letter.

## BACKGROUND

Hall filed the complaint in the instant case on December 20, 2007. In the complaint, Hall alleges his "rights were violated under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the Americans with Disabilities Act of 1990 (hereinafter the "ADA")." (Doc. #1). Fewell, who is not a named party in the complaint, filed the instant motion on January 24, 2008.

Fewell seeks dismissal on two grounds. First, for the plaintiff's failure to state a claim upon which relief can be granted. Second, for improper service of process. Due in part to the fact that the plaintiff has failed to respond to or oppose the instant motion, both arguments have merit.

1

## LAW AND ANALYSIS

### I. Motion to Dismiss for Failure to State a Claim

First, the undersigned considers Fewell's motion under FED R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). "The district court [is] required to accept as true all well pleaded facts in the complaint." *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "In order to avoid dismissal for failure to state a claim, however, 'a plaintiff must plead specific facts, not mere conclusory allegations.'" *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)). Rule 12(b)(6) motions are viewed with disfavor and are rarely granted. *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999).

The failure to exhaust administrative requirements is a proper basis for granting a motion to dismiss. The Fifth Circuit has held that "[a] right-to-sue letter is a condition precedent to filing a Title VII claim." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 314-315 (5th Cir. 2004) (citing 42 U.S.C. § 2000e-5(f)(1); *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215-1218 (5th Cir. 1982). A suit filed before receipt of a right to sue letter would be premature and therefore "subject to a motion to dismiss." *Pinkard*, 678 F.2d 1211, 1218. "Such a dismissal would be without prejudice, and the plaintiff could bring a new action upon receipt of a right-to-sue letter." *Id.* Similarly, dismissal would be appropriate where the plaintiff has brought suit under the ADA, as "the ADA incorporates by reference the procedures applicable to actions under Title VII." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).

In this case, the plaintiff has not filed a right to sue letter and did not allege in the


complaint that he had received such a letter. In addition, Fewell avers that "[t]o the best knowledge of [Fewell] . . . no . . . "right to sue" letter ever issued to the [p]laintiff." (Doc. #4-1, p.1). The plaintiff has not opposed the instant motion or otherwise indicated that he has received such a letter. The only letter in the record is a Notice of Conciliation Failure (Doc. #4-2-B) – stating that the "case is under review to determine whether the EEOC will bring suit against the Respondent" – which does not constitute a right to sue letter. *See Whitehead v. Reliance Ins. Co.*, 632 F.2d 452, 459 (5th Cir. 1980) (a right to sue letter is an "unambiguous notice that the EEOC's processes have terminated and that the EEOC has decided not to bring suit"). As the plaintiff has neither alleged nor proven receipt of a right to sue letter, the motion to dismiss under FED. R. CIV. P. 12(b)(6) should be granted. However, the undersigned recommends that the case not be dismissed on 12(b)(6) grounds if the plaintiff, who is *pro se*, files into the record a right to sue letter within 30 days.[1] *See Sawyer v. JRL Enters.*, 2005 U.S. Dist. LEXIS 36866, at *6 (E.D.La. Oct. 5, 2005) (quoting *Pinkard*, 678 F.2d at 1219 ("The receipt of a right-to-sue letter . . . while the action remains pending[] satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII."))

---

[1] Fewell also contends that "the time for filing an action has lapsed" and that the action should be dismissed for that reason as well. (Doc. #4-1, p.2). This argument is without merit at this time. "Prior to filing a civil action under Title VII, an aggrieved party must file an administrative charge with the EEOC." *Fields v. Cooper Tire & Rubber Co*, 202 Fed. App'x 764, 765 (5th Cir. 2006) (citing 42 U.S.C. § 2000e-5(f)(1)). "The charge must be filed within 180 days of the occurrence of the unlawful employment practice." *Id.* "Title VII actions are furthermore governed by a statute of limitations that requires an action be brought within 90 days of the plaintiff's receipt of a notice of the right to sue from the EEOC." *Id.*

In this case, the alleged discrimination took place on June 22, 2006, less than 180 days before September 11, 2006, the date on which the plaintiff filed the administrative charge. (Doc. #4-2). As plaintiff apparently has yet to receive a right to sue letter, the 90-day period has neither commenced nor ended.

## II. Motion to Dismiss for Failure to Enact Proper Service of Process

Next, the undersigned considers Fewell's contention that the plaintiff has failed to properly enact service of process. In challenging the adequacy of service in this case, Fewell contends that the listed defendant in this action, Ouachita Parish Correctional Center, does not exist (is not a juridical person subject to suit) "and that the only proper party in this action is [Fewell], who was the [p]laintiff's former employer." (Doc. #4-1, p.2-3). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). "A plaintiff's *pro se* status does not excuse his non-compliance with these rules." *La Blanche v. Prairie View A&M Univ.*, 2006 U.S. Dist. LEXIS 87487, at *3 (S.D.Tex. Dec. 4, 2006) (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Plaintiff, who has not filed an opposition to the instant motion, has not met his burden of proving the validity of the service of process. However, the undersigned recommends that the case not be dismissed for failure to properly enact service if the plaintiff is able to amend the complaint to include Fewell and to properly serve Fewell within a reasonable period of time.

For the aforementioned reasons, **IT IS RECOMMENDED** that the motion to dismiss (Doc. #4) be granted and that the plaintiffs' claims be **DISMISSED without prejudice**. **HOWEVER**, **IT IS FURTHER RECOMMENDED** that the *pro se* plaintiff, Danny Hall, be given at least 30 days in which to prevent dismissal by (i) amending the complaint to add Richard Fewell, Sheriff of Ouachita Parish, as a defendant; (ii) properly serving Fewell; and (iii) filing into the record a right to sue letter. Under the provisions of 28 U.S.C. § 636(b)(1)(c) and FRCP

Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** this 20th day of February, 2008, in Monroe, Louisiana.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE